UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Daniel R BAIRD, | Civil No. 11-CV-01323 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| BURLINGTON NORTHERN SANTA FE, | |
| Defendant, | |

---

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon Plaintiff's motions for default judgment. A hearing was held on September 15, 2011. For the reasons outlined below, the Court recommends that Plaintiff's motions for default judgment be denied.

**I.   BACKGROUND**

Plaintiff filed this lawsuit against Defendant Burlington Northern Santa Fe (BNSF) on May 23, 2011. (See Docket No. 1). In his Complaint, Plaintiff alleged violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. (See id. at 2-3). Stemming from gender and age discrimination, Plaintiff further alleged that he was harassed and that the terms and conditions of his employment differed from those of similar employees. (See id. at 4).

On May 26, 2011, Plaintiff paid to have the Sheriff of Clay County serve the Defendant. (See Docket No. 2 at 2). As such, the executed summons states that a copy of the Complaint was served on the same date to Roxann Depee. (Id. at 3). Pursuant to Fed. R. Civ. P. 12(a)(1),

Defendant's answer was due 21 days later, on June 16, 2011—Defendant filed its answer on June 20, 2011, four days late. Subsequently, Plaintiff filed a request for a certification of default with the Clerk of Court on June 22, 2011. (See Docket Nos. 5 and 6). The Clerk of Court denied the request, given that an answer was already filed. (Docket No. 7).

Thereafter, Plaintiff made a motion for default judgment on July 5, 2011. (See Docket No. 8). On August 23, 2011, Plaintiff made an additional motion for default judgment. (See Docket No. 31). Because both motions raise the same arguments, they are collectively addressed below.

## II.     MOTIONS FOR DEFAULT JUDGMENT

### 1. Standard of Review

Before considering the motions for default judgment, the Court notes that it has read Plaintiff's pleadings liberally as it must. See Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993) ("Pleadings and other documents filed by pro se litigants should be treated with a degree of indulgence, in order to avoid a meritorious claim's being lost through inadvertence or misunderstanding"). However, although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law. Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986).

In addition, the Court observes that default judgments are not favored under the law. United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). "Under Fed.R.Civ.P. 55(c), a judgment of default may be set aside for the reasons listed in Rule 60(b) (e.g., mistake, inadvertence, excusable neglect)." Id. In such cases, requests for default judgment based on a marginal failure to comply with the time requirements are distinguishable from dismissals "imposed for willful violations of court rules, contumacious conduct, or intentional delays." Id.

(refusing to grant motion for default where answer was filed twelve days late). "Default judgment is appropriate where the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays. However, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001).

Whether to enter a default judgment rests within the court's discretion. Lee v. Bd. of Maint. of Way Emps.-Burlington N. Sys. Fed'n, 139 F.R.D. 376, 381 (D. Minn.1991). "When determining whether a Default Judgment is appropriate, the Court must consider whether the assertedly defaulting party has filed a responsive Answer or other pleading, prior to an entry of Default Judgment." Semler v. Klang, 603 F. Supp. 2d 1211, 1218-19 (D. Minn. 2009) (citing Johnson v. Allied Interestate Inc., No. 02-910, 2002 WL 1906024, at *2 (D. Minn. Aug. 19, 2002) ("Although the entry of a default against Allied would have been warranted as of the date Johnson brought her motion for default judgment, no default was entered on the docket pursuant to Rule 55(a), and the Court cannot ignore the fact that an Answer has now been filed and Allied is prepared to defend the lawsuit on the merits")).

Plaintiff does not indicate which Federal Rule of Civil Procedure he brings his motion for default judgment under, but presumably, Plaintiff is attempting to move for an entry of default judgment pursuant to Federal Rule of Civil Procedure 55. Federal Rule of Civil Procedure 55 provides that default judgment may be obtained "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Plaintiff requests that the Court enter a default judgment against Defendant because Defendant's Answer was filed late and because Defendant allegedly violated a court order pursuant to which the Court can use its discretion to sanction Defendant under Federal Rule of Civil Procedure 37.

**2. Discussion**

Turning to Plaintiff's first argument, he alleges that the Defendant failed to timely file a responsive pleading because it did not file an answer within 21 days of being served.

The short delay by Defendant in filing its Answer does not warrant an entry of default judgment in this case. First, the Defendant has served and filed an Answer in this case (it was filed even before Plaintiff first approached the Clerk of Court requesting a notation of default on the docket) and it appears ready to and in fact is defending the case on the merits. Second, the delay in filing its Answer was only four days. Third, Plaintiff has not described what, if any, prejudice he suffered as a result of the short delay. Although the timelines provided in the Federal Rules of Civil Procedure are meant to always be followed, given the harsh nature of a default judgment, the extremely marginal failure to comply with the time requirements constitutes excusable neglect in this case. Therefore, the Court finds that the short-term delay does not provide sufficient grounds for entering a default judgment.

Second, Plaintiff argues that default judgment is proper because Defendant violated Fed. R. Civ. P. 8(c)(1), which states that "a party must affirmatively state any avoidance or affirmative defense." Because Defendant asserted several affirmative defenses in its Answer, it appears that the Rule was not violated. (See Answer [Docket No. 3] at 2-3).

Third, Plaintiff argues that the Court should enter a default judgment, pursuant to its Rule 37(b) authority to sanction a Defendant who violates a court order. In this case, there have been no court orders yet directing Defendant to provide or permit discovery. Indeed, no order other than the routine Pretrial Order has been issued. Thus, Defendant has not violated any such order that would permit sanctions against it.

Last, Plaintiff argues that default judgment should be granted because Defendant violated Rule 37(c), which provides sanctions for a party's failure to disclose or admit. Defendant answered Plaintiff's discovery request and his Rule 36 Request for Admission in a timely manner. (See Def. 's Opp'n to Pl.'s Multiple Mot. for Default J. at 3). Therefore, no sanctions are required under this rule either.

Accordingly, for the foregoing reasons, the Court recommends that Plaintiff's motions for default judgment be denied.[1]

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motions for Default Judgment [Docket Nos. 8 and 31] be **DENIED**.

Dated: October 13, 2011                                      s/Leo I. Brisbois
                                                             LEO I. BRISBOIS
                                                             United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 27, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for

---

[1] Alternatively, the Court could have simply recommended that Plaintiff's motion for default judgment be denied because Plaintiff has not obtained the prerequisite entry of default on the docket from the Clerk of Court pursuant to Fed. R. Civ. P 55(a). "[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cic. 1998). "A motion for default judgment is therefore procedurally improper where, as here, the movant has not yet accomplished the first step: entry of default by the clerk." U.S. ex. Rel. Sammarco v. Ludeman, No. 09-0880, 2010 WL 1335460, at *15 (D. Minn. Jan. 28, 2010).

in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.